IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ARNE SOREIDE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 320-005 |
| | ) |
| STACEY N. STONE, Warden, | ) |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, a federal inmate at McRae Correctional Facility in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, and this civil action be **CLOSED**.

I.  **BACKGROUND**

In 2004, Petitioner was convicted by a jury in the Southern District of Florida of one count of conspiracy to commit fraud, twenty-four counts of mail fraud, two counts of wire fraud, fourteen counts of money laundering, twenty-five counts of engaging in financial transactions with criminally derived property, and two counts of filing fraudulent tax returns. (Doc. no. 1); In Re Soreide, No. 19-14659-C (11th Cir. Dec. 17, 2019). The district court imposed a 236-month sentence. (Doc. no. 1); see In Re Soreide, No. 19-14659-C (detailing history of Petitioner's underlying criminal case history). The Eleventh Circuit affirmed the conviction, but vacated Petitioner's sentence, resulting in the district court resentencing

Petitioner on September 29, 2006 to the same sentence, which the Eleventh Circuit affirmed in 2013. In Re Soreide, No. 19-14659-C.

On March 21, 2007, Petitioner filed his original motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was later denied. In Re Soreide, No. 19-14659-C; Soreide v. United States, 0:07-cv-60401-JIC, doc. no. 1 (S.D. Fla. March 21, 2007). On June 7, 2016, Petitioner filed a second § 2255 motion, which was dismissed as second or successive. (Doc. no. 1); Soreide v. United States, 0:16-cv-61212-JIC (S.D. Fla. June 7, 2016). On December 17, 2019, the Eleventh Circuit denied Petitioner's motion for leave for file a successive motion pursuant to § 2255. (Doc. no. 1); In Re Soreide, No. 19-14659-C. Petitioner recounts other aspects of his extensive filing history in detail in his memorandum. (Doc. no. 1-1.)

On January 10, 2020, Petitioner filed the instant § 2241 petition, in which he is challenging his underlying conviction and argues (1) the indictment charges nonexistent offenses; (2) the indictment is "multiplicitous" and violates the double jeopardy clause; (3) the district court inaccurately presented the issues of law and instructed the jury improperly; (4) the government tampered with evidence and obstructed justice; and (5) his sentence is unconstitutional. (Doc. nos. 1, 1-1.) Petitioner requests the Court dismiss his indictment and reverse his conviction because he is "actually, factually, and legally innocent as charged." (Doc. no. 1, p. 8.)

## II. DISCUSSION

The primary purpose of a § 2241 petition is to provide the means for a prisoner to challenge the execution of his sentence. Here, Petitioner challenges the validity of his

2

sentence, not its execution, as he claims that he is "actually and legally innocent" and has been convicted of and sentenced for "'acts which do not constitute a criminal offense.'" (Doc. no. 1, pp. 2, 8; doc. no. 1-1.) Because Petitioner has not received permission from the Eleventh Circuit for filing a successive motion under 28 U.S.C. § 2255(h) and does not meet the requirements for invoking the savings clause under § 2255(e), his petition must be dismissed.

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005); see also Jones v. Warden, FCC Coleman-Medium, 520 F. App'x 942, 944 (11th Cir. 2013). Where, as here, the federal prisoner previously filed a § 2255 motion, he is barred from filing second and successive motions unless his claims rely upon the existence of newly discovered evidence or a new rule of retroactively applicable constitutional law. See 28 U.S.C. § 2255(h); United States v. Diaz–Clark, 292 F.3d 1310, 1316 (11th Cir. 2002). When a petitioner seeks to file a second and successive motion, he must first apply for and receive permission from the appropriate court of appeals before filing a successive §2255 motion in the district court. 28 U.S.C. 2244(b)(3); In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996). As discussed above, Petitioner has sought the Eleventh Circuit's authorization to file a second and successive § 2255 motion on at least four occasions and has been consistently rejected. Because the Eleventh Circuit has not granted Petitioner permission to file a second and successive § 2255 motion, dismissal is appropriate. See § 2244(b)(4).

Under limited circumstances, however, a provision of § 2255, known as the "saving clause," permits a federal prisoner to challenge the legality of his detention in a § 2241

3

petition when the "remedy by motion is inadequate or ineffective to test the legality of [a petitioner's] detention." See § 2255(e).  Recently, in McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1099 (2017), the Eleventh Circuit limited its interpretation of the saving clause.  The court held "[w]hen a prisoner's motion attacks his sentence based on a cognizable claim that can be brought in the correct venue, the remedy by motion is adequate and effective to test his claim," and the petitioner cannot proceed under § 2241.  Id. at 1089; see also Rice v. Flournoy, Civil Action No. 2:17-cv-40, 2017 WL 4853709, *3 (S.D. Ga. Oct. 26, 2017) (discussing McCarthan), *report and recommendation adopted by* 2017 WL 6210505, (S.D. Ga. Dec. 8, 2017.)  In so holding, the court limited applicability of the saving clause to the "limited circumstances" where a petitioner's claims cannot be remedied by § 2255, such as when a petitioner challenges the execution of his sentence, the sentencing court has been dissolved, or other "practical considerations" prevent a petitioner from filing a motion to vacate.  McCarthan, 851 F.3d at 1093-94.

In McCarthan, the court overruled prior cases that allowed a petitioner to challenge a sentence under the saving clause where a retroactively applicable Supreme Court decision overturns circuit precedent.  Id. at 1082-1084, 1099.  The court determined the savings clause is not met merely because a petitioner's claim does not merit relief based on its facts or current circuit precedent, as long as the "motion to vacate is an adequate procedure to test the prisoner's claim."  Id. at 1089-90 ("Neither [Petitioner's] failure to bring this claim earlier nor his odds of success on the merits are relevant to the saving clause inquiry.").

Furthermore, the court held the procedural requirements of § 2255, including the prohibition against successive petitions, does not make the remedy inadequate.  Id. at 1090-

4

02 ("Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause nullifies the procedural hurdles of section 2255 and undermines the venue provisions.") This holding is consistent with past Eleventh Circuit precedent concerning adequacy of the remedy provided by § 2255. See, e.g., Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011) (*en banc*) ("The existence of the statutory bar on second and successive motion cannot mean that § 2255 is 'inadequate or ineffective' to test the legality of [a petitioner]'s detention within the meaning of the savings clause. If it did, the savings clause would eviscerate the second or successive motions bar."). Finally, the filing of a previous § 2255 motion does not allow a petitioner to proceed under the savings clause, and, regardless of whether a court of appeals will actually certify a successive § 2255 motion, § 2255 is adequate to test the legality of Petitioner's sentence. Harris v. Warden, 801 F.3d 1321, 1323, 1324 (11th Cir. 2015).

Here, because Petitioner merely "filed a traditional claim attacking his sentence that he could have brought in a motion to vacate, the [§ 2255] remedy is adequate and effective to test the legality of his detention." McCarthan, 851 F.3d at 1090. Petitioner fails to show the remedy under § 2255 is inadequate or ineffective to test the legality of his detention, and, accordingly, the saving clause does not apply to his claim. Thus, his § 2241 petition constitutes an improper attempt to circumvent the requirements for filing second and successive § 2255 motions. Petitioner cannot avoid these requirements simply by raising his challenge in a different court, purportedly under § 2241. Id. at 1092.

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the

petition be **DISMISSED** and this civil action **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of January, 2020, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA